Silvia GUDINO–RAMOS, Petitioner,

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–72454.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.\*\*

Decided July 21, 2004.

Carolyn Reinholdt, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Arthur L. Rabin, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM \*\*\*

Silvia Gudino–Ramos, a native and citizen of Mexico, petitions for review of the

---

\* John Ashcroft, Attorney General, is substituted for the Immigration and Naturalization Service as the proper respondent. *See* Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the

Board of Immigration Appeals' ("BIA") order affirming, without opinion, the immigration judge's ("IJ") denial of her application for suspension of deportation. We deny in part, and dismiss in part the petition for review.

To the extent Gudino–Ramos challenges the BIA's streamlining procedures, her argument is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–56 (9th Cir. 2003). *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1270–71 (9th Cir.2001) ("To be colorable ... the claim must have some possible validity.").

This Court lacks jurisdiction to review the IJ's discretionary hardship determination under the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009 (September 30, 1996), § 309(c)(4)(E), and *Kalaw v. INS*, 133 F.3d 1147, 1152 (9th Cir.1997) ("The transitional rules ... preclude direct judicial review of BIA's determinations of the threshold eligibility requirements of 'extreme hardship' "). Therefore, we cannot review the IJ's hardship determination in this case.

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), Petitioner's voluntary departure period will begin to run upon issuance of this Court's mandate.

**PETITION FOR REVIEW DENIED in part, and DISMISSED in part.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.